# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| Earl J. Morgan, III, <br>    Plaintiff, <br><br> v. <br><br> R.K. Lewis, et al., <br>    Defendants. | 1:11cv1150 (JCC/TCB) |

FILED DEC 18 2012 CLERK U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Earl J. Morgan, III, a Virginia inmate proceeding pro se, filed a civil rights action, pursuant to 42 U.S.C. § 1983 alleging (1) excessive force, (2) deliberate indifference to his serious medical needs, and (3) denial of due process during a prison disciplinary hearing. On March 2, 2012, defendants filed a joint Motion for Summary Judgment along with a supporting brief and exhibits. Plaintiff was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a response on March 21, 2012. By Order dated August 14, 2012, defendants were instructed to file a renewed Motion for Summary Judgment, which they filed on September 13, 2012. Plaintiff responded on September 26, 2012. Accordingly, this matter is now ripe for disposition. For the reasons that follow, defendants' Renewed Motion for Summary Judgment will be granted.

## I. Background

The events that are the subject of this action took place when plaintiff was confined at Haynesville Correctional Center. Am. Compl. 1, ECF No. 10. The following facts are undisputed:

On January 13, 2011, plaintiff was charged with a disciplinary infraction and ordered to move to the Special Housing Unit ("SHU"). Id. at ¶ 27; Lewis May 31, 2012 Aff. ¶ 4, ECF No. 28-1. Before transferring plaintiff to the SHU, defendants King, Dobyns, Elliott, and Tuppons

attempted to weigh plaintiff on a scale. Am. Compl. ¶ 31; Lewis May 31, 2012 Aff. ¶ 4. He refused, so staff placed him on the floor and put leg irons around his ankles. Am. Compl. ¶¶ 39–40; Lewis May 31, 2012 Aff. ¶ 4. Defendant Lewis used a control technique by placing his knee on plaintiff's back. Am. Compl. ¶ 42; Lewis May 31, 2012 Aff. ¶ 6. Plaintiff was subsequently escorted to a segregation cell. Am. Compl. ¶ 43; Lewis May 31, 2012 Aff. ¶ 4.

After plaintiff filed an emergency grievance that same day, he was treated at around 8:15 p.m. for injuries he sustained during his removal to the SHU. Pl.'s Opp., ECF No. 36 at 22; Harrison Aff. ¶ 4(a), ECF No. 48-1. Plaintiff had a scraped area on his left shin and right wrist bone area but no drainage or bruising. Compl. and Treatment Form, ECF No. 48-1 at 10. A nurse cleaned the areas and applied ointment and two Band-Aids. Id. The top of his left hand was slightly red and swollen, and plaintiff complained of tingling in his left thumb. Id. He also complained of mid to lower back pain, but the nurse noted no edema, discoloration, or open areas. Id.

After plaintiff's first disciplinary hearing, the warden ordered that the charges be reheard due to a procedural error. Letter from Daniel Mahon to plaintiff dated Feb. 11, 2011, ECF No. 28-3 at 16. A second disciplinary hearing was held on February 28, 2011, at which defendant Hearings Officer Dugger found plaintiff guilty of attempting to commit/incite a riot or rioting and disobeying an order while in his housing unit. Dugger Aff. ¶ 5, ECF No. 28-2. Plaintiff requested that the hearings officers consider statements of three different witnesses. Witness Request Forms, ECF No. 28-4 at 8–13. Plaintiff appealed the finding of guilt to the Assistant Warden and Regional Director, but his conviction was affirmed. Am. Compl. ¶¶ 93, 96–7; Mot. Summ. J. 4, ECF No. 28.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

A. Excessive Force

Defendants did not use excessive force when they tried to weigh plaintiff and move him

3

to the SHU. To state an Eighth Amendment claim that defendants used excessive force, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also, Whitley v. Albers, 475 U.S. 312, 320–21 (1986). The extent of injury suffered by the inmate is relevant to the Eighth Amendment inquiry, both because it may suggest whether the use of force plausibly could have been thought necessary in a particular situation, Whitley, 475 U.S. at 321, and because it may provide some indication of the amount of force applied. Wilkins v. Gaddy, __ U.S. __, 130 S.Ct. 1175, 1178 (2010) (rejecting the notion that an excessive force claim involving only de minimis injury is subject to automatic dismissal). The Eighth Amendment generally excludes from constitutional recognition de minimis uses of physical force, Hudson, 503 U.S. at 9, and an inmate who complains of a "push or shove" that causes no discernible injury "almost certainly" fails to state a valid excessive force claim. Id., quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). Nonetheless, "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 130 S. Ct. at 1178–79.

Here, although plaintiff sustained minor injuries as a result of his transfer to the SHU, defendants have demonstrated that any force used on plaintiff was applied in good faith to restore discipline. In a sworn affidavit, defendant Lewis states that a policy of the facility requires staff to weigh inmates before removing them to the SHU. Lewis May 31, 2011 Aff. ¶ 4. Plaintiff's refusal to comply with orders made it necessary that defendants use some force to place him on the scale. Id. The control technique that Lewis used to get control of plaintiff, which entailed placing "a knee on his back in the 'T3' position (3rd thoracic vertebra)," is a

4

Virginia Department of Corrections-approved procedure that is used to ensure safety, not to inflict harm. Id. ¶ 6; Mot. Summ. J. 5. Despite plaintiff's statements at the time that he was not resisting, he admits that he "layed [sic] on the floor on his chest" when defendants were trying to place him on the scale. Am. Compl. ¶ 35.

B. Deliberate Indifference to Serious Medical Needs

Defendants were not deliberately indifferent to plaintiff's medical needs. To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D.Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted).

Assuming arguendo that plaintiff's injuries were sufficiently serious to warrant constitutional protection, defendants were not deliberately indifferent to his medical needs. Plaintiff's suggestions that medical personnel delayed his treatment by failing to timely treat his

5

injuries are unfounded. Delay in providing an inmate with medically necessary surgery can amount to deliberate indifference. Webb v. Driver, 313 F. App'x 591 (4th Cir. 2008). However, an inadvertent failure to provide adequate medical care does not constitute an "unnecessary and wanton infliction of pain" and is not "repugnant to the conscience of mankind," and so does not amount to a violation of the Eighth Amendment, which instead requires a showing that the indifference was sufficiently egregious to offend "evolving standards of decency." Estelle, 429 U.S. at 105–06. Defendants did not fail to provide or unnecessarily delay to provide medically necessary treatment to plaintiff. Although plaintiff was not seen until after he filed an emergency grievance, and defendants concede that he was not treated "immediately," plaintiff received treatment about three hours after the incident. Records indicate this the abrasion on his shin was cleaned and treated and that his other complaints were examined. Additionally, plaintiff was seen again on January 15, 16, 17 and 18 for additional complaints. Compl. and Treatment Form, ECF No. 48-1 at 3. Therefore, defendants did not deliberately delay to treat plaintiff and did not violate his Eighth Amendment right.

C. Violation of Right to Due Process

Finally, defendants did not violate plaintiff's right to due process. He alleges that defendants violated his Fourteenth Amendment right to due process by violating disciplinary hearing procedures—specifically, by not allowing him to call witnesses. It is well established that prisoners cannot be subjected to arbitrary discipline by prison officials. See Howard v. Smyth, 365 F.2d 428 (4th Cir. 1966). When a loss of statutory good-time credits or solitary confinement is at issue, the Supreme Court has mandated procedural safeguards for prison disciplinary hearings, including advance written notice of charges, written findings, and an opportunity—when consistent with institutional safety and correctional goals—for the inmate to call witnesses and present evidence in his defense. Wolff v. McDonnell, 418 U.S. 539, 563–67

(1974). Here, defendants did not violate petitioner's due process rights under Wolff. Despite plaintiffs' allegations, he was permitted to obtain written statements from three witness, which were read into evidence at his hearing. Dugger Aff. ¶ 8. Hearings Officer Dugger considered those statements, as well as other evidence, when he made his decision. Id. In a sworn affidavit, he states that there "is no requirement that witnesses be called to participate in the disciplinary hearing." Id.

Additionally, plaintiff alleges that the disciplinary hearing was impartial. However, he has not provided evidence to suggest that Hearings Officer Dugger was biased. Dugger states in his sworn affidavit that he acted in a professional manner and that plaintiff had a fair and impartial hearing with all due process rights afforded. Id. ¶¶ 7, 9. Finally, plaintiff's disagreements the Assistant Warden and Regional Director's decisions to affirm his finding of guilt do not state claims for violations of due process.

## IV. Conclusion

For the above-stated reasons, defendants' Renewed Motion for Summary Judgment will be granted. An appropriate order shall issue.

Entered this 18th day of December 2012.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia

7